# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 09-355 |
| THOMAS POOLE | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court are objections to the report and recommendation of the Magistrate Judge filed by the Government of the United States. For the following reasons, the objections to the Magistrate Judge's report and recommendation are SUSTAINED IN PART and DENIED IN PART.

## I. BACKGROUND

On August 23, 2010, Thomas Judson Poole, IV pleaded guilty to a one-count superseding bill of information charging him with voluntary manslaughter for the death of Michael Holman. On the same day, Poole signed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) agreeing to a sentence within the applicable sentencing range pursuant to the United States Sentencing Guidelines and recognizing his obligation to pay restitution. The Court sentenced Poole to 78 months in prison. The Court referred the matter to the Magistrate Judge for purposes of determining final restitution pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3663.

The Court subsequently ordered the Government to file a brief setting forth the specific items for which it sought restitution. On March 28, 2011, the Government complied and submitted its pre-hearing brief, seeking three categories of restitution under the Mandatory Victims Restoration Act (MVRA), 18 U.S.C. § 3663A(c)(1)(A): (1) funeral expenses; (2) costs related to damage to the M/V MISS SHARLOTT; and (3) Michael Holman's future lost wages.

The Government sought $1,518.00 for funeral-related expenses, $41,613.05 for damage to the M/V MISS SHARLOTT, and $200,000 for decedent's future lost wages. Poole conceded that the funeral expenses of $1,518.00 expended by the decedent's father were well-documented and properly subject to an order of restitution.

The Magistrate Judge determined that Poole is responsible for restitution in the amount of $1,518.00 for funeral-related expenses, but that Poole is not responsible for restitution for damages sustained by the M/V MISS SHARLOTT or for future lost wages. The Government timely objected to the report and recommendation of the Magistrate Judge.

## II. LAW & ANALYSIS

Before reviewing the legal challenges raised by the Government, it is appropriate for the Court to address briefly the applicable standard of review. Magistrate judges are empowered by statute and upon appointment by a district court to conduct hearings and to submit proposed findings of fact and recommendations. 28 U.S.C. § 636 (b)(1)(B). A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no party specifically objects as long as those portions are not clearly erroneous. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). However, where a party makes "specific, written objections" within ten days after being served with a copy of the Magistrate Judge's recommendations, the district court must undertake de novo review of those contested aspects of the report. *Id*. The district judge may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

### A. Funeral-Related Expenses

Neither party objects to the Magistrate Judge's recommendation that Poole pay

restitution to the decedent's father in the amount of $1,518.00 for funeral-related expenses. Under 18 U.S.C. § 3663A(b)(3), a defendant convicted of a violent crime must "pay an amount equal to the cost of necessary funeral and related services." The funeral expenses paid by decedent's father are documented and are properly the subject of an order of restitution. The Court finds that the Magistrate Judge's recommendation is not clearly erroneous. Accordingly, the Court will order Poole to pay restitution to the decedent's father in the amount of $1,518.00 for funeral-related expenses.

**B. Damage to the M/V MISS SHARLOTT**

The Magistrate Judge found that Poole was not responsible for restitution for damage sustained by the M/V MISS SHARLOTT, a vessel owned by the decedent's father, because the damage to the M/V MISS SHARLOTT was not a reasonably foreseeable result of the manslaughter committed by Poole. (Rec. Doc. No. 94, p.15). The Magistrate Judge found that the damage was not a reasonably foreseeable result of the manslaughter because of a combination of intervening causes—such as faulty tie-off and high seas—that were unrelated to the act of manslaughter, and that caused the damage to the boat. (Rec. Doc. No. 94, p. 15). Alternatively, the Magistrate Judge found that, even if Poole's crime caused the damage, the Government had not sufficiently established the valuation of the vehicle required for an order of restitution. (Rec. Doc. No. 94, p. 15).

The record contains conflicting accounts of how the M/V MISS SHARLOTT came to sustain damage after the death of its captain, Mr. Holman. In any event, the evidence indicates that after the death of Mr. Holman, the M/V MISS SHARLOTT, piloted either by Poole or by another crew member, arrived safely and intact at a manned oil platform in the Gulf of Mexico. At some point after its arrival, the M/V MISS SHARLOTT sustained significant damage, the

cause of which is in dispute. The Government argues that the damage to the M/V MISS SHARLOTT was a reasonably foreseeable result of Poole's act of voluntary manslaughter because he incapacitated the only person authorized and trained to navigate and dock the boat. (Rec. Doc. No. 100, p. 8-9.)

Under the MVRA, a person may qualify as a victim entitled to restitution even if that person is not the target of the crime, as long as the harm is a reasonably foreseeable consequence of the crime. *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011). After a review of the evidence in the case, this Court agrees with the Magistrate Judge's conclusion that the damage to M/V MISS SHARLOTT was not caused by the commission of manslaughter by Poole. The credible evidence indicates that the boat damage is properly attributed to intervening causes including high seas. Because this Court finds that there were sufficient intervening causes of the damage, it need not reach the question of adequacy of proof of the boat's value. Accordingly, the Court disallows restitution for damage to the M/V MISS SHARLOTT.

**C. Decedent's Future Lost Wages**

The Magistrate Judge recommended that Poole not be ordered to pay restitution for the future lost wages of the decedent. The Magistrate Judge found that the amount requested by the Government for future lost wages was speculative and therefore Poole could not be made to pay restitution for them. The Magistrate Judge further found that the decedent's father was not entitled to restitution because he was not dependent upon the decedent and therefore suffered no pecuniary loss.

*1. Speculative Nature of Future Lost Wages*

Under the MVRA, the Government has the burden of demonstrating the amount of future lost wages by a preponderance of the evidence. 18 U.S.C. § 3664(e). Although the amount of

future lost wages in this case is speculative, all future wages are somewhat speculative. What is not speculative in this case is that the decedent was working at the time of his death. Orders for restitution have been upheld even in cases where the deceased victim had never worked. In *U.S. v. Serawop*, 505 F.3d 1112 (10th Cir. 2007), the Tenth Circuit upheld the district court's restitution order for future lost wages where the decedent was just three months old. The Tenth Circuit found that it was not overly speculative to calculate the future lost wages of the victim when the court's conclusions were not sheer speculation, but were based on "industry standards or norms." *Id*. at 1125. Here, the record includes testimony from the employer of the decedent regarding the decedent's salary and workload in addition to documents reflecting four payments made to the decedent. (Rec. Doc. No. 94, p. 18). In the present case, the evidence preponderates in favor of a restitution order for future lost wages. The Court further finds that the Government's proposal of $200,000 is a reasonable estimate of the decedent's future lost wages.

## 2. Requirement of Dependency

The Magistrate Judge held in the alternative that the decedent's father could not properly receive restitution for the future lost wages of the decedent because the father received no money or support from his son. In support of this finding, the Magistrate Judge cited *In re: American River Transportation Co.*, 490 F.3d 351 (5th Cir. 2007), in which the parents of the decedent brought a claim for wrongful death. The Fifth Circuit concluded that the non-dependent parents could not bring such a claim unless there was pecuniary loss. *Id*. at 356.

The case at hand is distinguishable from *In re: American River*. Unlike a civil action for wrongful death, the question in restitution cases under the MVRA is not one of dependency, but rather is one of loss. Under the MVRA, a court may order restitution paid to a representative of the victim's estate, or may allow a family member to assume the victim's rights to collect

restitution for lost income. In the case of a victim who is deceased, "the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section." 18 U.S.C. § 3663A(b)(2). *See also*, *U.S. v. Cienfuegos*, 462 F.3d 1160, 1164. In the Tenth Circuit case of *U.S. v. Serawop*, 505 F.3d 1112 (10th Cir. 2007), the Court of Appeals upheld an order of restitution to the estate of a three-month-old child who had no spouse or dependents.

Accordingly, the Court will order restitution for future lost wages. The restitution award must be discounted to its present value. An amount of $200,000 paid over a ten-year period has a present value of $184,444.00, assuming a 1.5 percent interest rate. Accordingly, the Court will order Poole to pay restitution to the decedent's father in the amount of $184,444.00 for future lost wages.

### III. CONCLUSION

**IT IS ORDERED** that Defendant, Thomas J. Poole, Jr., pay restitution in the amount of $185,962.00 to Deral Holman. The total represents the sum of $1,518.00 for the decedent's funeral-related expenses and $184,444.00 for the decedent's future lost wages.

**IT IS FURTHER ORDERED** that restitution for the damage to the M/V MISS SHARLOTT is disallowed.

New Orleans, Louisiana, this 11th day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE